■ WALTER STAUBI et al., Respondents, v C. P. CHEMICAL COMPANY, INC., Appellant, et al., Defendant. (Action No. 1.) WALTER STAUBI et al., Respondents, v WALTER J. HASSELMAN, SR., et al., Appellants, et al., Defendant. (Action No. 2.) — In an action to recover damages sounding in strict products liability, negligence and fraud, C. P. Chemical Company, Inc. (C. P.) and Walter J. Hasselman, Sr., Walter J. Hasselman, Jr., Claire G. Hasselman and Clare H. Reinbergen (principal stockholders of C. P.), appeal from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered March 7, 1984, as granted plaintiffs' motion for a protective order.

Order affirmed, insofar as appealed from, with costs.

By order entered December 16, 1983, Special Term (Delaney, J.), conditionally imposed sanctions upon plaintiffs if they failed to obtain and serve medical records of their previous physicians and serve them upon appellant C. P. by January 2, 1984, in which case C. P. was authorized to conduct examinations before trial of such physicians and to issue subpoenas duces tecum directed against them. On January 25, 1984, C. P. served notices to depose and subpoenas upon two of plaintiffs' many treating physicians. By notice of motion dated February 1, 1984, plaintiffs moved for a protective order against such disclosure. Their counsel's supporting affirmation alleged, *inter alia,* that he had believed, as a result of correspondence received from appellants' counsel, that C. P. would not seek the records of medical treatment by the said two physicians. He further affirmed that one of the two physicians had himself sent all of his records of treatment to appellants' counsel long before January 2, 1984. He also stated that the other physician had by now sent copies of his medical records to appellants' counsel, and that although this was done after service upon him of the subpoena and notice, the apparent lateness was due to a misunderstanding as to the aforestated correspondence.

C. P.'s response to plaintiffs' motion for a protective order was, *inter alia,* to cross-move for reargument of a motion for leave to depose certain of plaintiffs' treating physicians (among whom was one of the physicians who was the subject of plaintiffs' motion for a protective order), which had been denied by Justice Ruskin in an order entered January 26, 1984.

On the return date of the motion, the Justice presiding at Special Term properly referred the motion and cross motion to Justice Ruskin, since C. P. sought reargument of Justice Ruskin's determination. Apparently, C. P. did not call to the attention of the Justice presiding at Special Term the fact that plaintiffs' motion for a protective order involved modification or relief from an order of Justice Delaney, which predated Justice Ruskin's order entered January 26, 1984. Thus, by applying for reargument by cross motion rather than by a separate and distinct motion, and by appellants' counsel's silence on the return date of the motion and cross motion, C. P. charted the course whereby Justice Ruskin was to decide whether plaintiffs should be granted relief from Justice Delaney's order. Under such circumstances, appellants are estopped from asserting upon this appeal that Justice Delaney's December 16, 1983 order was the law of the case and that Justice Ruskin was barred from modifying its effect.

The record fully supports the conclusion that plaintiffs' failure to supply the medical records of one of the treating physicians until after January 2, 1984, the date stated in Justice Delaney's order, was innocent and that appellants have not been prejudiced. We therefore affirm the granting of the protective order. Titone, J. P., Mangano, Weinstein and Brown, JJ., concur.